PROB 12C
(6/16)

Report Date: August 16, 2018

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 20 2018

SEAN F. McAVOY, CLERK
DEPUTY
SPOKANE, WASHINGTON

# United States District Court

**for the**

**Eastern District of Washington**

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Michael Thomas Van Dyke Case Number: 0980 2:15CR00025-001

Address of Offender: Moses Lake, Washington 98837

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: September 28, 2015

Original Offense: Travel with Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b)

Original Sentence: Prison - 36 months; TSR - 120 months Type of Supervision: Supervised Release

Asst. U.S. Attorney: James Goeke Date Supervision Commenced: June 2, 2018

Defense Attorney: Andrea George Date Supervision Expires: June 1, 2028

---

**PETITIONING THE COURT**

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

**Supporting Evidence**: On July 18, 2018, the offender violated the conditions of his supervision by providing false answers to the probation officer's question about having a cell phone.

On June 6 and July 6, 2018, Mr. Van Dyke signed a copy of the judgment issued in this case acknowledging that he understood the conditions imposed and had received a copy of the conditions.

On July 18, 2018, the probation officer asked Mr. Van Dyke several times, during a home contact, if he had a cell phone. Each time the offender denied having a cell phone. Later that same day, the officer contacted Mr. Van Dyke at his residence and announced the intent to conduct a search due to reasonable suspicion that the offender had an undisclosed cell phone, pursuant to Special Condition #24. Mr. Van Dyke then admitted to having a cell phone and provided it to the officer. The offender admitted he had previously lied to the probation officer when questioned about possessing a cell phone.

2 **Special Condition # 23**: You shall not possess or use any computer with access to any on-line computer service without the prior approval of the supervising officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. You shall not have access to a modem during your term of supervision without the prior approval of the probation officer.

**Supporting Evidence**: On or about July 18, 2018, the offender violated the conditions of his supervision by possessing a cellular smart phone which had been used to access an on-line computer service without the prior permission of the probation officer.

On June 6 and July 6, 2018, Mr. Van Dyke signed a copy of the judgement issued in this case acknowledging that he understood the conditions imposed and had received a copy of the conditions.

On July 18, 2018, the probation officer had received reliable information that Mr. Van Dyke was in possession of an undisclosed cellular smart phone. Mr. Van Dyke was questioned, during a home contact, about this possession but denied having a cellular smart phone several times. Later, on July 18, 2018, the probation officer returned to the residence with the intent to conduct a search of Mr. Van Dyke's residence, pursuant to Special Condition #24. The offender led the probation officer to his room and took a cellular smart phone from a basket where it had been hidden under items of clothing. On August 8, 2018, the probation officer received a Mobile Device Forensic Report from Detective Brian Pochert, Kennewick Police Department. The examination revealed that a pornographic website (Xhamster.com) had been accessed and three pornographic videos had been downloaded. Additionally, other websites such as Google, Facebook and Spotify had been accessed.

3 **Special Condition # 21**: You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

**Supporting Evidence**: On or about July 18, 2018, the offender violated the conditions of his supervision by possessing three sexually explicit videos on a cellular smart phone.

On June 6 and July 6, 2018, Mr. Van Dyke signed a copy of the judgement issued in the this case acknowledging that he understood the conditions imposed and had received a copy of the conditions.

On July 18, 2018, the probation officer had received reliable information that Mr. Van Dyke was in possession of an undisclosed cellular smart phone. Mr. Van Dyke was questioned, during a home contact, about this possession, but denied having a cellular smart phone several times. Later, on July 18, 2018, the probation officer returned to the residence with the intent to conduct a search of Mr. Van Dyke's residence, pursuant to Special Condition #24. The offender led the probation officer to his room and took a cellular smart phone from a basket where it had been hidden under items of clothing. On August 8, 2018, the probation

officer received a Mobile Device Forensic Report from Detective Brian Pochert, Kennewick Police Department. The examination revealed that a pornographic website (Xhamster.com) had been accessed and three pornographic videos had been downloaded.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 08/16/2018

s/Curtis G. Hare

Curtis G. Hare
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

Justin L. Quackenbush
Signature of Judicial Officer

8/20/2018
Date