UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>    -vs-<br><br>MICHAEL THOMAS VAN DYKE,<br><br>                  Defendant. | No.   2:15-CR-0025-JLQ-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

Before the Court are Defendant's Motion for Reduction of Sentence and Motion to Expedite the same. ECF Nos. 162, 163. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Sentence Reduction is DENIED.

## BACKGROUND

On September 28, 2015, a Judgment and Sentence was entered against Defendant finding him guilty of Count 1 of the Indictment in violation of 18 U.S.C. § 2423(b), Travel with Intent to Engage in Illicit Sexual Conduct. ECF No. 65. He was sentenced to 36 months of imprisonment to be followed by 10 years of supervised release. ECF No. 65. Defendant began his initial term of supervised release on June 2, 2018. On October 30, 2018, Defendant was found in violation of the conditions of his supervised release for being in possession of marijuana, being in possession of a laptop with access to the internet, and that laptop's browsing history included pornographic websites. ECF No. 103. It was noted that there was evidence of sex chatting via Skype found on the laptop. ECF No. 103. Supervision was revoked, and Defendant was sentenced to 3 months incarceration to be followed by 10 years of supervised release. ECF Nos. 102, 104. His second term of supervised release began on March 1, 2019. On February 24, 2020 a supervised release

ORDER - 1

revocation hearing was held, and Defendant was found in violation of his conditions of supervised release for 2 counts of failing to participate in sex offender treatment, 5 counts failing to abstain from the use of a controlled substance, and 1 count of failing to report for drug testing. ECF Nos. 159, 160. Supervised release was revoked, and Defendant was sentenced to six months of incarceration with credit for time served to be followed by 120 months of supervised release. ECF No. 160. Defendant has been incarcerated at the Spokane County Jail since his arrest on February 12, 2020. ECF Nos. 151, 162 at 2. He is currently awaiting Bureau of Prisons' (BOP) designation and transfer. ECF No. 162 at 3.

Defendant argues that he should be granted compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his chronic medical conditions, the nature of the medical care and supplies available at the Spokane County Jail, and the risk of exposure and severe symptoms from COVID-19 pandemic. ECF No. 162. Defendant alleges that the Government does not oppose Defendant's Motion for Compassionate Release Reduction. ECF No. 162 at 1.

## DISCUSSION

### A.      Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Previously, motions for compassionate release could only be brought to the Court by the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018).

The Court finds that Defendant has effectively exhausted his administrative remedies as he does not have any administrative path or remedies he can pursue. Defendant is housed at the Spokane County Jail, and all transports to BOP Custody have been ceased due to COVID-19 and the State of Washington's efforts to avoid further transmission of the virus. Defendant is not in the custody of the BOP. Therefore, there is no warden to petition. Any further attempts to exhaust administrative remedies at this time would require Defendant to

continue to wait in the Spokane County Jail until transfer, to make the request of the warden at the BOP facility once he is transferred, and wait for the request to be denied or for 30 days to elapse following the request.  Any attempts to exhaust administrative remedies would be futile.  Accordingly, Defendant's Motion for Reduction of Sentence is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community.  18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

**B.    Extraordinary and Compelling Reasons**

Defendant moves for compassionate release on the grounds that "extraordinary and compelling reasons" justify a sentence reduction.  ECF No. 162 at 12-15.  The First Step Act did not define "extraordinary and compelling reasons,", but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions.  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act.  U.S.S.G. § 1B1.13.  "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have

universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Defendant was born with spina bifida, which has left him in a wheelchair. Because of his paraplegic status, he has suffered from an increased risk of infections. He has a history of osteomyelitis, or infection of the bones. He has suffered from sepsis. After suffering particularly acute infections, surgery was required to remove is hip bones. His history of infection and compromised immunity renders him particularly at risk during the COVID-19 pandemic. Defendant reports though his counsel that he is suffering from MRSA and septic infection. He reports that jail staff are only giving him Tylenol and covering the wound. They are not giving him enough adult diapers to stay dry, which further compromises his open wound. ECF No. 162 at 14-15.

Defendant moves for compassionate release on the grounds that his multiple chronic illnesses and difficulty treating his chronic illnesses while in custody place him at an increased risk for the potentially devastating symptoms of COVID-19 and this constitutes "extraordinary and compelling reasons" for a sentence reduction. ECF No. 162. Defendant does not allege that his present conditions are terminal. He indicates that being incarcerated limits his self-care, but also acknowledges that these conditions existed prior to his current

ORDER - 4

incarceration. ECF No. 16 at 14-15. Defendant's current medical reasons were in existence during his prior two incarcerations and did not warrant a motion for reduced sentence for compassionate release. Therefore, his current motion for compassionate release is best addressed under the "other reasons" category.

## C. Sentencing Commission Policy Statements

The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13. The Court acknowledges that the Government does not oppose the motion. However, Defendant's motion does not speak to whether he presents a risk of danger to the community as articulated in 18 U.S.C. § 3142(g). Defendant's motion cites a bail determination in which a judge found a defendant being incarcerated increased the risk to the community because it presented an increased risk of the spread of COVID-19. ECF No. 162 at 16. Defendant's motion does not address his specific risk to the community concerning his history of supervised release violations and his resistance to sex offender treatment.

Defendant's history of repeated supervised release violations demonstrates a disregard for the conditions the Court has placed upon him. Of particular concern are Defendant's history of possessing technology with internet access, evidence of accessing pornographic websites, and evidence of sex chatting. ECF No. 103. Most recently, Defendant had five controlled substance violations in less than a year from his release from custody. ECF No. 160. Furthermore, Defendant has shown resistance to participating in his sex offender treatment. ECF Nos. 143, 160. Defendant has failed to provide any evidence that there is a suitable release residence or provided any release plan to ensure that Defendant is properly monitored and participates in his sex offender treatment. Therefore, the Court finds that Defendant is a danger to the community and DENIES his motion for compassionate release. Accordingly,

**IT IS ORDERED** that:

ORDER - 5

1     1. Defendant's Motion to Expedite, filed April 7, 2020, **ECF No. 163**, is

2 **GRANTED**.

3     2. Defendant's Motion for Reduction of Sentence filed April 7, 2020, **ECF No. 162**,

4 is **DENIED.**

5     The District Court Executive is directed to file this Order and provide copies to

6 counsel **AND TO** the United States Probation Office.

7     **DATED** this 8th day of April, 2020.

8

9                                   WM. FREMMING NIELSEN

04-08-20                 SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 6