FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-vs-<br><br>MICHAEL THOMAS VAN DYKE,<br><br>    Defendant. | No. 2:15-CR-0025-JLQ-1<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION |

Before the Court are Defendant's Motion for Reconsideration of Denial of Unopposed Motion for Reduction of Sentence and Motion to Expedite the same. ECF Nos. 165, 166. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Reconsideration is GRANTED and the Court's Order Denying Defendant's Motion for Reduction of Sentence, ECF No. 164, is AFFIRMED.

## BACKGROUND

On September 28, 2015, a Judgment and Sentence was entered against Defendant finding him guilty of Count 1 of the Indictment in violation of 18 U.S.C. § 2423(b), Travel with Intent to Engage in Illicit Sexual Conduct. ECF No. 65. He was sentenced to 36 months of imprisonment to be followed by 10 years of supervised release. ECF No. 65. Defendant began his initial term of supervised release on June 2, 2018. On October 30, 2018, Defendant was found in violation of the conditions of his supervised release for being in possession of marijuana, being in possession of a laptop with access to the internet, and that laptop's browsing history included pornographic websites. ECF No. 103. It was noted that there was evidence of sex chatting via Skype found on the laptop as well. ECF No. 103.

ORDER - 1

Supervision was revoked, and Defendant was sentenced to 3 months incarceration to be followed by 10 years of supervised release. ECF Nos. 102, 104. His second term of supervised release began on March 1, 2019. On February 24, 2020 a supervised release revocation hearing was held, and Defendant was found in violation of his conditions of supervised release for 2 counts of failing to participate in sex offender treatment, 5 counts failing to abstain from the use of a controlled substance, and 1 count of failing to report for drug testing. ECF Nos. 159, 160. Supervision was revoked, and Defendant was sentenced to six months of incarceration with credit for time served to be followed by 120 months of supervised release. ECF No. 160. Defendant has been incarcerated at the Spokane County Jail since his arrest on February 12, 2020. ECF Nos. 151, 162 at 2. He is currently awaiting Bureau of Prisons' (BOP) designation and transfer. ECF No. 162 at 3.

On April 7, 2020, Defendant filed an Unopposed Motion For Reduction of Sentence, arguing that he should be granted compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his chronic medical conditions, the nature of the medical care and supplies available at the Spokane County Jail, and the risk of exposure and severe symptoms from the COVID-19 pandemic. ECF No. 162. Defendant alleged that the Government did not oppose his Motion. ECF No. 162 at 1. The Court denied Defendant's Motion finding that he had failed to provide a suitable release residence and had failed to articulate an acceptable release plan to provide for attending his sex offender treatment and meeting all the conditions of his supervised release. ECF No. 164.

Defendant is now requesting this Court to reconsider the finding that Plaintiff was a danger to the community and to reverse its prior Order and grant the Motion for Reduction of Sentence. ECF No. 165.

## DISCUSSION

### A. Legal Standard

The Court may relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconducted by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, release, or discharged; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). Defendant's motion does not identify which reason he relies upon for relief. ECF No. 165. He implies that the Court mistakenly overlooked the already existing conditions of supervised release in its determination that he failed to provide a release residence or a release plan. *Id*. Despite this implication, the Court will consider the pending Motion under the catch-all provision contained in reason six, "any other reason that justifies relief."

Fed. R. Civ. P. 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

The Court recognizes that the COVID-19 pandemic reflects a highly unusual circumstance that is causing all parties and the Court to face several unknowns in the months ahead. *See* General Court Order 20-101-4. Therefore, the Court grants Defendant's request for reconsideration.

**B.   Discussion**

As stated above, Defendant requests that the Court reconsider its finding that he failed to set forth a release residence and release plan and that he is a danger to the community. ECF No. 165.

**1.  Release Residence and Release Plan**

Defendant implies that the Court failed to recognize that his conditions of supervised release and the proposal of home detention provided for an adequate release residence and release plan. ECF No. 165. The Court acknowledges that the first page of Defendant's Motion includes a proposed term of in-home detention and the following footnote:

> The judgment includes Special Condition No. 1, which provides for housing at a Residential Re-Entry Center ("RRC") for up to 180 days. (ECF No. 160 at 6). This condition ensures that Mr. Van Dyke will have an address upon release. The RRC also provides an additional level of supervision upon Mr. Van Dyke.

ECF No. 162 at 1. However, the Court finds that with the COVID-19 pandemic, the RRC facility is not a suitable release residence for Defendant.

Defendant premised his Motion for Reduced Sentence on the increased risk of contracting COVID-19 due to the conditions of the Spokane County Jail. ECF No. 162. While he footnoted his intentions of serving the remainder of his term of incarceration under home detention in an RRC facility, he did not articulate how this mitigated the risk of contracting COVID-19. The Court recognizes and sympathizes with Defendant's goal of avoiding exposure to COVID-19. However, his proposed release to an RRC facility provides no additional protection from exposure, as residents of an RRC facility continue to come and go from the facility. Additionally, an RRC facility does not have immediate access to medical care in the same response time that the jail does. Therefore, Defendant's goal of being released to avoid exposure is not achieved through placement in an RRC facility. As such, the RRC is not currently a suitable release residence when compared to the option of remaining in the Spokane County Jail.

Nothing in this Order negates the existing terms of Defendant's supervised release. Therefore, upon completion of his term of incarceration, Defendant can still be expected to report to an RRC at the direction of his Supervising Probation Officer.

**2. Danger to the Community**

Defendant requests that the Court reconsider its finding that he is a danger to the Community. ECF No. 165. The Court found that Defendant's history of disregarding its ordered conditions of supervised release, including possession of a computer with access to the internet, evidence of accessing pornographic websites, evidence of sex chatting, and repeated failures to attend sex offender treatment, combined with a failure to provide a suitable release residence and a release plan in his Motion rendered him a danger to the

community. ECF No. 164 at 5. Defendant argues that he did provide a suitable release residence and release plan in his original Motion. ECF No. 165. However, the Court has found that the RRC is not a suitable release residence at this time.

Furthermore, Defendant's proposal does not mitigate the Court's concerns or allow the Court to conclude that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Placing Defendant under home confinement would require the application of an electronic monitoring device and drug testing. Both of these activities would require in-person contact between Defendant and those applying the monitoring device and collecting the required specimens for testing. Due to Defendant's historical disregard for conditions of supervision, his home detention would require intensive monitoring, translating into frequent contact between him and others. Furthermore, Defendant states that he could attend sex offender treatment because it is geographically near the RRC facility. ECF No. 165 at 7. However, it is unknown, but doubtful, that any in-person or on-site treatment is continuing in light of the Washington Governor's Proclamation 20-25 "Stay Home, Stay Healthy." Defendant does not propose how he would manage to attend sex offender treatment from the RRC in light of the current circumstances and the availability of treatment. Therefore, the Court finds that even with Defendant's proposed plan, he continues to be a danger to the safety of any other person or to the community. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Expedite, filed April 9, 2020, **ECF No. 166**, is **GRANTED**.

2. Defendant's Motion for Reconsideration of Denial of Unopposed Motion for Reduction of Sentence filed April 9, 2020, **ECF No. 165**, is **GRANTED.**

3. The Court's Order Denying Defendant's Motion to Reduce Sentence, filed on April 8, 2020, is **AFFIRMED**.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

ORDER - 5

**DATED** this 10th day of April, 2020.

04-10-20

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6