PROB 12C
(6/16)

Report Date: February 26, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2021

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Michael Thomas Van Dyke    Case Number: 0980 2:15CR00025-WFN-1

Address of Offender:                                                                 Spokane, Washington 99201

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: September 28, 2015

Original Offense:         Travel With Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2423(b)

Original Sentence:       Prison - 36 months              Type of Supervision: Supervised Release
                         TSR - 120 months

Revocation Sentence:     Prison - 3 months
10/30/2018               TSR - 120 months

Revocation Sentence:     Prison - 6 months
02/24/2020               TSR - 120 months

Asst. U.S. Attorney:     James Goeke                    Date Supervision Commenced: August 10, 2020

Defense Attorney:        J. Houston Goddard             Date Supervision Expires: August 9, 2030

## PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 08/26/2020 and 12/04/2020.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 6 | **Special Condition #5**: You must not possess or use any computer with access to any on-line computer service without the prior approval of the supervising officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. You shall not have access to a modem during your term of supervision without the prior approval of the supervising officer.<br><br>**Supporting Evidence**: Between January and February 2021, Mr. Van Dyke allegedly violated special condition number 5 of his supervised release by accessing the Internet without the use of Covenant Eyes, as instructed by this officer.<br><br>On August 11, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Van Dyke, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements. |

On September 29, 2020, while residing at the residential reentry center (RRC), the offender submitted a request for cell phone authorization. On that form, it was noted that he was expected to install the Covenant Eyes software on said phone, and list the undersigned officer as his accountability partner. Both the offender and his RRC case manager signed the request. Mr. Van Dyke was subsequently authorized to have a Samsung Galaxy smart cell phone (Serial #R58N70216FP).

On September 30, 2020, this officer received notification from Covenant Eyes that Mr. Van Dyke had installed the software on his cell phone and listed the undersigned as his accountability partner.

On February 8, 2021, Mr. Van Dyke contacted this officer to confirm that he had been released from Franklin Hills just days prior. When the undersigned officer realized the offender was calling from his cell phone, he was asked if he had been using his cell phone while at Franklin Hills and he confirmed he had been.

This officer did then confirm that Covenant Eyes had not generated an accountability report regarding the offender's internet usage since January 5, 2021, when the offender's cell phone was returned to him as ordered by the Court. Mr. Van Dyke initially attempted to suggest that he thought he was authorized to use his cell phone without monitoring while in therapy, but then claimed he had been having issues with the Covenant Eyes application. It should be noted, the offender made no attempt to contact this officer or Covenant Eyes regarding any issues related to their software.

7   **Special Condition #3**: You must maintain a complete and current inventory of your computer equipment and provide it to the supervising officer. You must provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer.

**Supporting Evidence**: Mr. Van Dyke allegedly violated special condition number 3 of his supervised release by purchasing and receiving a cell phone, which he failed to notify this officer of or request authorization for.

On August 11, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Van Dyke, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On February 10, 2021, the undersigned officer received a phone call from staff at Franklin Hills who informed this officer that Mr. Van Dyke had ordered a second cell phone from Amazon while residing there. According to staff, the box had been delivered to their facility and signed for, but went missing on February 6, 2021, the same date the offender had been released. According to staff, Franklin Hills filed a police report for the missing cell phone on behalf of Mr. Van Dyke.

On February 11, 2021, this officer spoke with the offender, who initially denied purchasing a cell phone without prior authorization. It was not until this officer informed Mr. Van Dyke that the undersigned had the opportunity to review the police report filed on his behalf by Franklin Hills, that the offender finally admitted to purchasing a second cell phone. He claimed he had purchased the phone for a friend, but could not recall that friend's name.

Prob12C
Re: Van Dyke, Michael Thomas
February 26, 2021
Page 3

That same morning, on February 11, 2021, the undersigned officer made contact with Mr. Van Dyke at his residence to conduct an unscheduled home visit. Again, the offender denied having a cell phone other than the cell phone previously approved by the U.S. Probation Office. But in plain view, near the head of his bed, this officer observed an empty cell phone box with the instructions still unopened. On the back of the instruction manual, the serial number for the phone was included, which did not match the serial number for the cell phone Mr. Van Dyke had been approved to have. The offender continued to deny the possession of an unauthorized cell phone and claimed that box was trash from a container his father had brought to him. This officer then noticed a phone charger plugged into the wall, and when this officer attempted to plug the charger into Mr. Van Dyke's approved cell phone, it did not fit. At that point, the offender went over to his dirty laundry bin and produced a second smart cell phone; the serial number on that cell phone matched the serial number on the instruction manual.

8   **Standard Condition #4**: You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: Mr. Van Dyke is allegedly in violation of standard condition number 4 of his supervised release by failing to be truthful when this officer asked if he had purchased and received a second cell phone without prior authorization.

On August 11, 2020, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Van Dyke, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On February 11, 2021, this officer contacted Mr. Van Dyke to inquire if he had purchased a second cell phone without prior approval and assumably, without the monitoring of Covenant Eyes as required. The offender initially denied purchasing a cell phone, but during an unscheduled home visit on February 11, 2021, the offender eventually admitted to the possession of an unauthorized cell phone which was subsequently confiscated.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   02/26/2021

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

Prob12C
Re: Van Dyke, Michael Thomas
February 26, 2021
Page 4

## THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Signature of Judicial Officer

2/26/2021
Date